UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| SANDRA J. KUCH, | ) Case No.  10-29182 EEB |
| RANDALL W. KUCH, | ) Chapter 7 |
| | ) |
| Debtors. | ) |

**ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION FOR FINES, PENALTIES AND AN INJUNCTION AGAINST JOSEPH THORNHILL**
_____

THIS MATTER is before the Court on the United States Trustee's Motion for Order to Show Cause to Joseph Thornhill ("Motion") and the Court's Order to Show Cause why Joseph Thornhill should not be sanctions for acting as a petition preparer and violating one or more of the provisions of 11 U.S.C. § 110.  Proper notice has been given and no response has been filed.  The Court, being fully advised, FINDS and CONCLUDES:

I.      Background

This case was dismissed for ineligibility pursuant to 11 U.S.C. § 109(h), allegedly because Jeanne T. Campbell ("Campbell"), an attorney the Debtors believed was representing them, and her brother, Joseph T. Thornhill ("Thornhill"), failed to file all of the necessary documents, including credit counseling certificates.  Based on a letter filed by the Debtors in Case No. 10-36237 EEB (the "Second Case") on February 17, 2011, this Court reopened this case on April 27, 2011, and issued an Order to Show Cause to Campbell why she should not be sanctioned and an Order to Show Cause to Thornhill why he should not be held in violation of 11 U.S.C. § 110.[1]  Thornhill did not file a response.  An Amended Order to Show Cause was issued to Thornhill on September 15, 2011.  Again, Thornhill did not file a response.

On December 1, 2011, this Court held a hearing in this case on the United States Trustee's Settlement Agreement with Ms. Campbell.  Thornhill appeared at the hearing by telephone.  Mr. and Mrs. Kuch and Campbell also appeared at the hearing by telephone.  Both the United States Trustee ("UST") and the Kuchs asserted allegations against Thornhill regarding his inappropriate conduct in both this case and the Second Case.  Because the UST indicated an intent to seek remedies against Thornhill, the Court Ordered the UST to file an amended Motion setting forth specific allegations against Thornhill, including any alleged violations of §§ 110, 526 and 527 by December 15, 2011. The Court further ordered that

---

[1] Except as otherwise set forth, references herein to "Section" or "§" shall mean the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

Thornhill would have fourteen days to respond.

On December 15, 2011, the UST filed the Motion, along with attached exhibits and affidavits. Based on the allegations in the Motion, the Court issued a third Order to Show Cause ("OSC") to Thornhill and Colorado Legal Solutions on December 15, 2011, requiring them to file a response to the matters set forth in the Motion and show cause on or before January 9, 2012, why they should not be ordered to pay fines, penalties and should not be subject to the remedies allowed by §§ 105 and 110, including, but not limited to, a permanent injunction prohibiting them from acting as a bankruptcy petition preparer in the District of Colorado. The Certificate of Service on the Motion and the OSC indicate that both were mailed to the address provided by Thornhill to the Court during the December 1, 2011 hearing. Despite being given three opportunities to respond to the allegations against him, Thornhill has ignored the Orders of this Court, with the exception of appearing telephonically at the December 1, 2011 hearing.

II.     Discussion

The Court has considered the proffers made by the parties at the December 1, 2011 hearing, the allegations set forth in the Motion and all papers, affidavits and pleadings that have been filed. The Court also took judicial notice of the documents filed in this Court's dockets, including the two Kuch cases, and other cases reflected in the UST's Exhibit G in which Thornhill was involved. Based on these allegations, which Thornhill and Colorado Legal Solutions have chosen not to contest, the Court finds that:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Thornhill acted as a bankruptcy petition preparer as defined in § 110(a)(1).

3. Thornhill acted as a debt relief agency as defined by § 101(12A).

4. Thornhill conducted business under the name "Colorado Legal Solutions," using the word "legal" in his business name, his filings with the Court and in his communication with Debtors and third parties in violation of § 110(f).

5. Thornhill failed to sign and put his identifying number on the documents prepared and filed by him in both this case and the Second Case as required by § 110(b)(A)(1).

6. The Debtors agreed to pay Thornhill $700.00 for his services, but actually paid him $ 430.00.

7. Thornhill never provided the Debtors with a fee agreement or a contract for his services and failed to provide the Debtors with copies of the documents filed in this case as required by § 110(d).

8.   Thornhill never provided the Debtors with any documentation which outlined the services that he was to perform and never filed such documentation with the Court as required by § 110(b)(2)(A).

9.   Thornhill provided legal advice to the Debtors including: a) whether their property was exempt; b) whether they would be able to retain their home and car and reaffirmation agreements; and c) characterized the nature of their interest in property and their debts in the Schedules filed in both cases in violation of § 110(e)(2).

10.  Thornhill filed various documents with the Court forging the signature of his sister, Ms. Campbell, thereby representing that the case was filed by an attorney. Further, Thornhill filed various documents with the Court also forging the signature of the Debtors.

11.  Thornhill's conduct in 14 other cases filed in the District of Colorado evidences a clear and consistent pattern by Thornhill of violating §110 and perpetrating a fraud on the Court. While all of the petitions filed in these cases reflect Ms. Campbell as the attorney for the petitioners, she represents that she only performed services in 4 of those cases by appearing with the debtors at the meeting of creditors. Eleven of the 14 cases were involuntarily dismissed. Thornhill received compensation from the debtors and the debtors received little or no benefit from his services.

12.  Thornhill's conduct, as noted above and in the Motion violated numerous provisions of § 110, subjecting Thornhill to the imposition of fines and injunctive relief. *See*, *e.g.*, *In re Hennerman*, 351 B.R. 143, 148 - 49 (Bankr. D. Colo. 2006); *In re Duran*, 347 B.R. 760 (Bankr.D.Colo. 2006). Further, Thornhill has engaged in conduct described in subclause (I), (II), or (III) of § 110(j)(2)(A) in multiple cases, such that an injunction prohibiting him from acting as a bankruptcy petition preparer is appropriate to prevent him from a further abuse of process and interference with the administration of bankruptcy cases.

13.  Based on his conduct, the UST has provided this Court with a itemized summary of fines and penalties which the UST asserts that Thornhill is responsible for in this case, which totals **$20,290**. A summary of those fines is attached hereto and incorporated herein by reference.

III. Orders

It is therefore **ORDERED** that:

1.   Pursuant to 11 U.S.C. §110(j), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS and their agents, successor or assigns (including any entity owned or controlled by any of them – whether now or in the future) are hereby PERMANENTLY ENJOINED in the District of Colorado from: a) providing any

services, directly or indirectly, as a debt relief agency, as that term is defined in 11 U.S.C. §101(12A), or providing any bankruptcy assistance as that term is defined in 11 U.S.C. §101(4A) to an entity as that term is defined by 11 U.S.C. §101(15); b) conducting any business that is in any way related to bankruptcy; and c) from acting as a bankruptcy petition preparer as that term is defined by 11 U.S.C. §110(a). All of the injunctive provisions are hereafter referred to as the "Injunction." This Injunction shall prohibit the above described conduct, regardless of whether any service or product is provided for a fee, barter, trade or for free.

2. Pursuant to 11 U.S.C. §110(l)(1) and (2), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS are jointly and severally fined **$16,290** payable to the United States Trustee for Region 19 for deposit into the United States Trustee System Fund.

3. Pursuant to 11 U.S.C. §110(l)(1) and (2), JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS are fined **$4,000** payable to Sandra J. Kuch and Randal W. Kuch.

4. JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS shall pay such fines to the United States Trustee for Region 19 and to Sandra J. and Randal W. Kuch within 60 days of the date of this Order and shall file proof of payment with the Court, **failing which this Court may impose or recommend the imposition of further sanction, including criminal sanctions for contempt of Court.**

5. In the event that JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS are found to have violated the Injunction, in addition to any other remedies, they shall be fined $500 per day until such time as they cease their violation of the Injunction.

6. The fines and penalties imposed herein shall be separate from and in addition to the fines and penalties imposed against JOSEPH THORNHILL and COLORADO LEGAL SOLUTIONS in Case No. 10-36237 EEB.

Dated this 12th day of March, 2012.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown
United States Bankruptcy Judge